AARON B. SHUMWAY, ESQ. (15255)
NEWMEYER & DILLION LLP
3800 Howard Hughes Pkwy, Suite 700
Las Vegas, Nevada  89169
Telephone: (702) 777-7500
Facsimile: (702) 777-7599
Aaron.Shumway@ndlf.com

Attorneys for Defendant/Counter-Claimant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KAITLYN PETERSON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, doing business as HOME DEPOT, THE,<br><br>    Defendants. | **HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**<br><br>**Case No.:  1:19-cv-00091-BSJ** |
| HOME DEPOT U.S.A., INC.<br><br>    Counter-Claimant,<br><br>vs.<br><br>KAITLYN PETERSON, an individual,<br><br>    Counter-Defendant. | |

COMES NOW Defendant HOME DEPOT U.S.A., INC. ("Defendant"), by and through its counsel of record, the law firm of NEWMEYER & DILLION LLP, and hereby answers the Complaint of Plaintiff KAITLYN PETERSON ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1.      This answering Defendant, answering paragraph 1 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

2.      This answering Defendant, answering paragraph 2 of the Complaint, admits that HOME DEPOT U.S.A., INC. is a Delaware corporation in good standing and authorized to conduct business in Utah with corporate offices in Atlanta, Georgia; as to the remaining allegations in paragraph 2 of the Complaint, if any there are, Defendant denies the allegations.

3.      This answering Defendant, answering paragraph 3 of the Complaint, states this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

4.      This answering Defendant, answering paragraph 4 of the Complaint, states this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

5.      This answering Defendant, answering paragraph 5 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

## GENERAL ALLEGATIONS

6.      This answering Defendant, answering paragraph 6 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

ANSWER TO COMPLAINT AND
COUNTERCLAIM

7.      This answering Defendant, answering paragraph 7 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

8.      This answering Defendant, answering paragraph 8 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

9.      This answering Defendant, answering paragraph 9 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

10.      This answering Defendant, answering paragraph 10 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

11.      This answering Defendant, answering paragraph 11 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

12.      This answering Defendant, answering paragraph 12 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

13.      This answering Defendant, answering paragraph 13 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

14.      This answering Defendant, answering paragraph 14 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

///

15.     This answering Defendant, answering paragraph 15 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

16.     This answering Defendant, answering paragraph 16 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

17.     This answering Defendant, answering paragraph 17 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

18.     This answering Defendant, answering paragraph 18 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

19.     This answering Defendant, answering paragraph 19 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

20.     This answering Defendant, answering paragraph 20 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

21.     This answering Defendant, answering paragraph 21 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

22.     This answering Defendant, answering paragraph 22 of the Complaint, admits responding to and denying liability.  Defendant denies any and all remaining allegations in this paragraph.

///

23.     This answering Defendant, answering paragraph 23 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

24.     This answering Defendant, answering paragraph 24 of the Complaint, admits Martinez was an employee.

25.     This answering Defendant, answering paragraph 25 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained therein.

26.     This answering Defendant, answering paragraph 26 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained therein.

27.     This answering Defendant, answering paragraph 27 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

28.     This answering Defendant, answering paragraph 28 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

29.     This answering Defendant, answering paragraph 29 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained therein.

30.     This answering Defendant, answering paragraph 30 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained therein.

///

///

ANSWER TO COMPLAINT AND
COUNTERCLAIM

31.     This answering Defendant, answering paragraph 31 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

32.     This answering Defendant, answering paragraph 32 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

33.     This answering Defendant, answering paragraph 33 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

34.     This answering Defendant, answering paragraph 34 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

35.     This answering Defendant, answering paragraph 35 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

36.     This answering Defendant, answering paragraph 36 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

37.     This answering Defendant, answering paragraph 37 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

## FIRST CLAIM FOR RELIEF
### Negligence Hiring, Supervision, and/or Retention of Martinez

38.     This answering Defendant, answering paragraph 38 of the Complaint, repeats its responses to the preceding paragraphs as though fully set forth herein.

39.     This answering Defendant, answering paragraph 39 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

40.     This answering Defendant, answering paragraph 40 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

41.     This answering Defendant, answering paragraph 41 of the Complaint, states that this paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

42.     This answering Defendant, answering paragraph 42 of the Complaint, is presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     This Defendant denies the allegations of the Complaint, and each cause of action, and each paragraph in each cause of action, and each and every part thereof, including a denial

that Plaintiff was damaged in the sum or sums alleged, or to be alleged, or any other sum or sums whatsoever.

## SECOND AFFIRMATIVE DEFENSE

2.      This Defendant denies that by reason of any act or omission, fault, conduct or liability on the part of this answering Defendant, whether negligent, careless, unlawful or whether as alleged, or otherwise, Plaintiff was injured or damaged in any of the amounts alleged, or in any other manner or amount whatsoever; this answering Defendant further denies that this answering Defendant was negligent, careless, reckless, wanton, acted unlawfully or are liable, whether in the manner alleged or otherwise.

## THIRD AFFIRMATIVE DEFENSE

3.      This Defendant is informed and believes, and thereon alleges, that the Complaint, and each and every cause of action stated therein, fails to state facts sufficient to constitute a cause of action, or any cause of action, as against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

4.      This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by issue preclusion and/or the Doctrine of Res Judicata.

## FIFTH AFFIRMATIVE DEFENSE

5.      This Defendant is informed and believes, and thereon alleges, that if Plaintiff suffered or sustained any loss, injury, damage or detriment, the same is directly and proximately caused and contributed to, in whole or in part, by the breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, thereby completely or partially barring Plaintiff's recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

6.      This Defendant is informed and believes, and thereon alleges, that it is not legally responsible in any fashion with respect to the damages and injuries claimed by Plaintiff;

however, if this Defendant is subjected to any liability to Plaintiff, it will be due, in whole or in part, to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and negligence of others; wherefore any recovery obtained by Plaintiff against this Defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; consequently, this Defendant is informed and believes, and thereon alleges, that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

7.      If this Defendant is found responsible in damages to Plaintiff or some other party, whether as alleged or otherwise, then this Defendant is informed and believes, and thereon alleges, that the liability will be predicated upon the active conduct of Plaintiff, whether by negligence, breach of warranty, strict liability in tort or otherwise, which unlawful conduct proximately caused the alleged incident and that Plaintiff's actions against this Defendant is barred by that active and affirmative conduct.

## EIGHTH AFFIRMATIVE DEFENSE

8.      This Defendant is informed and believes, and thereon alleges, that at the time or place of the incidents alleged in Plaintiff's Complaint, Plaintiff knowingly, freely, and voluntarily assumed all risk of harm and the consequent injuries and damages, if any, resulting therefrom.

## NINTH AFFIRMATIVE DEFENSE

9.      This Defendant is informed and believes, and thereon alleges, that the Complaint, and each and every cause of action contained therein is barred by the applicable Statutes of Repose.

ANSWER TO COMPLAINT AND
COUNTERCLAIM

### TENTH AFFIRMATIVE DEFENSE

10.      This Defendant is informed and believes, and thereon alleges, that as to each alleged cause of action, Plaintiff has failed, refused and neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

### ELEVENTH AFFIRMATIVE DEFENSE

11.      This Defendant is informed and believes, and thereon alleges, that the Complaint, and each and every cause of action contained therein, is barred by the applicable Statutes of Limitation.

### TWELFTH AFFIRMATIVE DEFENSE

12.      This Defendant is informed and believes, and thereon alleges, that Plaintiff unreasonably delayed both the filing of the Complaint and notification of this Defendant to the alleged causes of action, and the basis for the causes of action alleged against this answering Defendant, all of which has unduly and severely prejudiced this Defendant in its defense of the action, thereby barring or diminishing Plaintiffs' recovery herein under the Doctrine of Estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.      This Defendant is informed and believes, and thereon alleges, that Plaintiff unreasonably delayed both filing of the Complaint and notification of this Defendant to the alleged causes of action, and the basis for the causes of action alleged against this answering Defendant, all of which has unduly and severely prejudiced this Defendant in its defense of the action, thereby barring or diminishing Plaintiffs' recovery herein under the Doctrine of Waiver.

///

///

///

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     This Defendant is informed and believes, and thereon alleges, that Plaintiff unreasonably delayed both the filing of the Complaint and notification of this Defendant to the alleged causes of action, and the basis for the causes of action alleged against this answering Defendant, all of which has unduly and severely prejudiced this Defendant in its defense of the action, thereby barring or diminishing Plaintiffs' recovery herein under the Doctrine of Laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     This Defendant is informed and believes, and thereon alleges, that Plaintiff has failed to join all necessary and indispensable parties to this lawsuit.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     This Defendant is informed and believes, and thereon alleges, that the injuries and damages of which Plaintiff complains were proximately caused by, or contributed to by, the acts of other Defendants, cross-Defendants, Third-Party Defendants, persons, and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against this answering Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by the Statute of Frauds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     It has been necessary for this Defendant to retain the services of an attorney to defend this action, and this Defendant is entitled to a reasonable sum as and for attorney's fees.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     This Defendant is informed and believes, and thereon alleges, that the claims of Plaintiff are reduced, modified and/or barred by the Doctrine of Unclean Hands.

ANSWER TO COMPLAINT AND
COUNTERCLAIM

## TWENTIETH AFFIRMATIVE DEFENSE

20.     This Defendant is informed and believes, and thereon alleges, that Plaintiff lacks title to the stolen gift cards which are void and/or voidable at Defendant's sole discretion.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because Plaintiff received benefit of her bargain.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     This Defendant is informed and believes, and thereon alleges, that Defendants' performance was excused because of Impossibility of Performance.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because Plaintiff abandoned the recovery of her damages, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because Plaintiff ratified Defendant's actions or lack thereof.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because of changed circumstances.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because Plaintiff released its claims.

///

///

ANSWER TO COMPLAINT AND
COUNTERCLAIM

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because of the doctrine of Accord and Satisfaction.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because of the Parol Evidence Rule.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because of the doctrine of Unjust Enrichment.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because Plaintiff failed to fulfill a condition or conditions precedent to the enforcement of each and every oral, implied or other obligation alleged herein.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred by the Economic Loss Doctrine.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because Defendant complied with and/or fulfilled all statutory funding requirements imposed by law.

///

///

///

ANSWER TO COMPLAINT AND
COUNTERCLAIM

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     This Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is reduced, modified, and/or barred because Plaintiff lacks standing and/or capacity to sue this Defendant.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff's damages, if any, are speculative and/or uncertain and, therefore, are not compensable.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiff is barred, in whole or in part, from recovering attorney's fees in this matter based on contract, equity, or other exclusions in law or equity.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Pursuant to Fed. R. Civ. P. 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available for this Defendant after reasonable inquiry, and therefore, this Defendant reserves the right to amend its Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

### HOME DEPOT'S COUNTERCLAIM AGAINST KAITLYN PETERSON

Pursuant to Federal Rule of Civil Procedure 13, Counter-Claimant HOME DEPOT U.S.A., INC. ("Counter-Claimant" or "Home Depot"), by and through its counsel of record, the law firm of NEWMEYER & DILLION LLP, hereby asserts the following counterclaims against Counter-Defendant KAITLYN PETERSON ("Counter-Defendant" or "Peterson") as follows:

### JURISDICTION AND VENUE

1.     Counter-Claimant Home Depot is a Delaware corporation in good standing with its principal place of business residing outside the State of Utah.

///

ANSWER TO COMPLAINT AND
COUNTERCLAIM

2.      Upon information and belief, Counter-Defendant is an individual residing in Weber County, State of Utah.

3.      This Court has original jurisdiction over the parties in this matter pursuant to 28 U.S.C. § 1332 as they are completely diverse and the amount in controversy exceeds $75,000.00.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims asserted by Plaintiff in her Complaint as well as the counterclaims asserted herein by Home Depot are alleged to have arisen in Weber County, State of Utah.

## FACTUAL ALLEGATIONS

5.      In or about May 2018, Home Depot discovered that one of its employees, Daniel Martinez ("Martinez") had been stealing Home Depot electronic gift cards ("eGift Cards").

6.      Upon discovery of the theft, Home Depot promptly terminated Martinez from his employment and deactivated the eGift Cards that Martinez had stolen.

7.      In addition to terminating Martinez, Home Depot also pursued criminal action against Martinez for his theft of eGift Cards from Home Depot.

8.      Upon information and belief, Martinez had been advertising and selling the stolen eGift Cards at a discounted rate to individuals on local classifieds website www.ksl.com.

9.      Upon information and belief, Peterson saw Martinez's advertisement on www.ksl.com and purchased a number of the stolen Home Depot eGift Cards from Martinez at a discounted rate totaling approximately $198,225.00.

10.      Upon information and belief, Martinez never represented to Peterson that he was an employee of Home Depot.

11.      Upon information and belief, Peterson was unaware that Martinez was a Home Depot employee at that time that she purchased the stolen eGift Cards from Martinez.

12.      Upon information and belief, Peterson knew or should have known that the eGift Cards she purchased from Martinez were not authorized by Home Depot and/or had been stolen.

13.    Upon information and belief, Peterson failed to verify that each of the stolen eGift Cards she purchased from Martinez had been duly authorized by and were a legal form of tender acceptable to Home Depot.

14.    Peterson assumed the risk of purchasing stolen eGift Cards from Martinez.

15.    Peterson has failed and refuses to accept any responsibility for her own actions in purchasing the stolen eGift Cards from Martinez.

16.    Upon information and belief, Peterson failed to implement any proper or effective safeguards, trainings, audits, inspections, policies, procedures or the like to avoid purchasing unauthorized and/or stolen eGift Cards.

17.    Peterson owed a duty to Home Depot to appreciate the threat of her own actions when purchasing hundreds of thousands of dollars of stolen eGift Cards from Martinez.

18.    Upon information and belief, Peterson did not purchase any of the stolen the eGift Cards from Martinez while on the premises of Home Depot.

19.    Until Home Depot discovered Martinez's theft, Home Depot was completely unaware that either Peterson or Martinez had access to, were in possession of, or had been using the stolen eGift Cards for their own personal gain.

20.    By purchasing the stolen eGift Cards, Peterson expressly and/or implicitly consented to the eGift and Plastic Gift Card Distribution Terms and Conditions (10/13/09) ("Terms and Conditions") that accompanied and governed the use of the stolen eGift Cards.

21.    Upon information and belief, Peterson used many of the stolen eGift Cards she purchased at a discounted rate from Martinez to obtain merchandise and/or services from Home Depot.

22.    Upon information and belief, the value of merchandise and/or services Peterson obtained from Home Depot by using the stolen eGift Cards substantially exceeded the discounted rate that she paid Martinez.

23.     Upon information and belief, Peterson's lack of reasonable care in purchasing the stolen eGift Cards from an unauthorized and/or disreputable source and then using those eGift Cards to obtain merchandise and/or services at Home Depot's expense has damaged Home Depot in an amount to be proven at trial.

24.     As a result of Peterson's misuse of the stolen eGift Cards, Home Depot has been forced to retain the services of an attorney to prosecute this action.

## FIRST CAUSE OF ACTION

### (Negligent Misrepresentation)

25.     Counter-Claimant repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

26.     Upon information and belief, when Peterson presented and/or used the eGift Cards to obtain merchandise and/or services from Home Depot, Peterson was representing to Home Depot that she held lawful title to and possession of the stolen eGift Cards.

27.     Upon information and belief, Peterson's representation that she held lawful title to and possession of the stolen eGift Cards was not true.

28.     Upon information and belief, Peterson knew or should have known she did not hold lawful title to and/or possession of the stolen Home Depot eGift Cards, highlighted by the fact that she insisted to go through the checkout line with Martinez before making her initial eGift Card purchase from Martinez.

29.     Upon information and belief, Peterson failed to use reasonable care to determine whether or not she held proper title to and possession of the stolen eGift Cards before presenting them to Home Depot as payment in exchange for goods and/or services.

30.     Upon information and belief, Peterson was in the best position to know she did not hold lawful title to and/or possession of the stolen eGift Cards when obtaining them from Martinez rather than from Home Depot.

31.     Home Depot had a financial interest in preventing Peterson's use of the stolen eGift Cards in order to obtain actual payment in exchange for its merchandise and/or services.

32.     Without any knowledge of Martinez's theft or how Peterson obtained the stolen eGift Cards from Martinez, Home Depot reasonably relied upon Peterson's representation that she held lawful title to and/or possession of the stolen eGift Cards.

33.     As a result of Peterson's representations, Home Depot suffered damages in the form of lost payment for merchandise and/or services.

34.     Home Depot is entitled to the reasonable value of the merchandise and/or services that it conferred upon Peterson for which it did not receive actual payment.

## SECOND CAUSE OF ACTION

### (Conversion)

35.     Counter-Claimant repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

36.     Martinez's theft and Peterson's use and/or possession of the eGift Cards was an intentional interference of Home Depot's rightful use and/or possession of the eGift Cards.

37.     Peterson never held proper title to the stolen eGift Cards she purchased from Martinez.

38.     Peterson's use and/or possession of the stolen eGift Cards deprived Home Depot of its use and/or possession of the eGift Cards.

39.     Home Depot is entitled to the reasonable value of the eGift Cards that Peterson used and/or deprived Home Depot of possession.

## THIRD CAUSE OF ACTION

### (Civil Conspiracy)

40.     Counter-Claimant repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

41.     Upon information and belief, Martinez and Peterson combined, conspired, and/or worked together to obtain the eGift Cards from Home Depot for Peterson's personal use and/or benefit.

42.     Upon information and belief, Martinez and Peterson engaged in or about twelve (12) separate transactions wherein Peterson asked for and Martinez provided the eGift Cards to Peterson at a reduced rate.

43.     Upon information and belief, Martinez and Peterson conspired to obtain eGift Cards and intentionally deprived Home Depot of its use and/or possession of its eGift Cards.

44.     Peterson's use of the stolen eGift Cards as payment to Home Depot proximately caused Home Depot to suffer loss of merchandise and/or services without receiving actual payment and/or anything of value in exchange.

45.     Home Depot is entitled to the reasonable value of the eGift Cards that Peterson and Martinez used and/or deprived Home Depot of possession.

## FOURTH CAUSE OF ACTION

### (Quantum Meruit / Unjust Enrichment)

46.     Counter-Claimant repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

47.     Until Home Depot became aware of Martinez's theft of eGift Cards, Home Depot was unaware of Peterson's unauthorized use of the stolen eGift Cards to purchase merchandise and/or services for Peterson's own personal benefit.

48.     Upon information and belief, Peterson has appreciated and/or retained the benefit of the merchandise and/or services she obtained from Home Depot when using the stolen eGift Cards.

///

///

ANSWER TO COMPLAINT AND
COUNTERCLAIM

49.     As a result of Martinez's theft and Peterson's use of the eGift Cards, nothing of value was provided to Home Depot in exchange for the merchandise and/or services that Peterson obtained by using the eGift Cards for payment at Home Depot.

50.     Home Depot is entitled to the reasonable value of the merchandise and/or services that it conferred upon Peterson for which it did not receive actual payment.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief)

51.     Counter-Claimant repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

52.     A justiciable controversy exists between Home Depot and Peterson as to the Peterson's personal use of stolen eGift Cards she obtained from Martinez to the detriment of Home Depot.

53.     Home Depot's ownership, rights, title, use and/or possession of the stolen eGift Cards is directly adverse to the interests of Peterson.

54.     Home Depot has a legally protectable ownership interest in its use and/or possession of the stolen eGift Cards as well as the merchandise and/or services obtain therefore that is ripe for judicial determination.

55.     Home Depot is entitled to the reasonable value of the merchandise and/or services that it conferred upon Peterson for which it did not receive actual payment.

///

///

///

///

///

///

ANSWER TO COMPLAINT AND
COUNTERCLAIM

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Claimant HOME DEPOT U.S.A., INC. prays for judgment against Counter-Defendant as follows:

1.      That a money judgment against Counter-Defendant be entered for the value of merchandise and/or services she received by virtue of unlawfully using and/or depriving Home Depot of possessing the stolen eGift Cards;

2.      For the cost of suit incurred herein;

3.      For all interest accrued at the statutory post-judgment rate;

4.      For attorney's fees and costs; and

5.      For such other and further relief as the Court deems just and proper.

Dated: February 14, 2020                  NEWMEYER & DILLION LLP


By:_____
        AARON B. SHUMWAY, ESQ. (15255)

        Attorneys for Defendant
        HOME DEPOT U.S.A., INC. dba THE
        HOME DEPOT

ANSWER TO COMPLAINT AND
COUNTERCLAIM

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, I electronically filed the foregoing **HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Jason M. Yancey, Esq.
> Helgesen, Houtz & Jones, P.C.
> 1513 N. Hill Field Road, Suite 3
> Layton, UT  84041
> Tel:    (801) 544-5306
> Fax:    (801) 682-8328
> Attorneys for Plaintiff Kaitlyn Peterson
> jyancey@utahattorneys.com

*Carolyn R Bott*

_____

An employee of Newmeyer & Dillon LLP

ANSWER TO COMPLAINT AND
COUNTERCLAIM