AARON B. SHUMWAY, ESQ. (15255)
NEWMEYER & DILLION LLP
3800 Howard Hughes Pkwy, Suite 700
Las Vegas, Nevada  89169
Telephone: (702) 777-7500
Facsimile: (702) 777-7599
Aaron.Shumway@ndlf.com

Attorneys for Defendant/Counter-Claimant/Third-Party Plaintiff HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KAITLYN PETERSON, an individual,<br><br>　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, doing business as HOME DEPOT, THE,<br><br>　　　Defendants. | **HOME DEPOT U.S.A., INC.'S THIRD-PARTY COMPLAINT AGAINST DANIEL MARTINEZ**<br><br>Case No.:  1:19-cv-00091-BSJ |
| HOME DEPOT U.S.A., INC.,<br><br>　　　　　Counter-Claimant,<br><br>vs.<br><br>KAITLYN PETERSON, an individual,<br><br>　　　　　Counter-Defendant. | |
| HOME DEPOT U.S.A., INC.,<br><br>　　　　　Third-Party Plaintiff,<br><br>vs.<br><br>DANIEL MARTINEZ, an individual,<br><br>　　　　　Third-Party Defendant. | |

Pursuant to Federal Rule of Civil Procedure 14, Third-Party Plaintiff HOME DEPOT U.S.A., INC. ("Third-Party Plaintiff" or "Home Depot"), by and through its counsel of record, the law firm of NEWMEYER & DILLION LLP, hereby asserts the following third-party complaint against Third-Party Defendant DANIEL MARTINEZ ("Third-Party Defendant" or "Martinez") as follows:

## PARTIES, JURISDICTION AND VENUE

1. Third-Party Plaintiff Home Depot is a Delaware corporation in good standing with its principal place of business residing outside the State of Utah.

2. Upon information and belief, Third-Party Defendant Martinez is an individual residing in Weber County, State of Utah.

3. Upon information and belief, Plaintiff / Counter-Defendant KAITLYN PETERSON ("Peterson") is an individual residing in Weber County, State of Utah.

4. This Court has original jurisdiction over the parties in this matter pursuant to 28 U.S.C. § 1332 as they are diverse and the amount in controversy exceeds $75,000.00.

5. Venue, to the extent applicable, is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims asserted in the Complaint, Counterclaim and this Third-Party Complaint are alleged to have arisen in Weber County, State of Utah.

## FACTUAL ALLEGATIONS

6. Third-Party Plaintiff repeats, realleges, and incorporates by reference all of the preceding paragraphs as though fully set forth herein.

7. Peterson's Complaint alleges negligence on the part of Home Depot for Martinez's theft and subsequent sale of multiple stolen Home Depot electronic gift cards ("eGift Cards") to Peterson.

8. In or about May 2018, Home Depot discovered that Martinez had been stealing Home Depot eGift Cards.

9. Upon information and belief, Martinez had been advertising and selling the stolen eGift Cards at a discounted rate to individuals on local classifieds websites, including www.ksl.com.

10. Upon information and belief, as alleged by Peterson in the Complaint, between October 2017 and May 2018, Martinez sold multiple stolen eGift Cards to Peterson.

11. Upon information and belief, as alleged by Peterson in the Complaint, the total face value of the stolen eGift Cards that Martinez sold to Peterson was approximately $198,225.00.

12. Upon information and belief, as alleged by Peterson in the Complaint, Peterson paid Martinez a discounted amount that she has not yet disclosed for the stolen eGift Cards.

13. Martinez's sale of stolen eGift Cards to Peterson took place outside the scope of Martinez's employment with Home Depot.

14. Upon information and belief, Martinez's sale of stolen eGift Cards to Peterson took place off the physical premises of Home Depot.

15. Upon information and belief, Martinez's sale of stolen eGift Cards to Peterson took place during Martinez's own personal time when he was off-the-clock for Home Depot.

16. Upon information and belief, Martinez never represented to Peterson that he was an employee of Home Depot.

17. Upon Home Depot's discovery of Martinez's theft of eGift Cards, Martinez was promptly terminated from his employment with Home Depot.

18. In a separate criminal proceeding regarding Martinez's theft of the eGift Cards, Martinez entered a plea of guilty as to a third degree felony count of communications fraud for the eGift Cards he stole from Home Depot.

19. A number of the stolen eGift Cards Martinez sold to Peterson were used by Peterson to obtain merchandise and/or services from Home Depot.

20. Upon information and belief, the value of merchandise and/or services Peterson obtained from Home Depot by using the stolen eGift Cards exceeded the discounted rate that Peterson paid Martinez for the stolen eGift Cards.

21. Peterson's Complaint asserts that she is entitled to the face value of the stolen eGift Cards that Home Depot deactivated upon learning of Martinez's theft, even though Peterson admits in the Complaint that she paid less than face value for the stolen eGift Cards.

22. As a direct result of the actions by Martinez and Peterson, Home Depot has suffered damages including but not limited to loss of merchandise, loss of revenue, loss of profits, and loss of possession/value of eGift Cards.

23. As a further result of Martinez's theft and Peterson's Complaint regarding the stolen eGift Cards, Home Depot has been forced to retain the services of an attorney to defend as well as prosecute this matter.

## FIRST CAUSE OF ACTION

### (Conversion)

24. Third-Party Plaintiff repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

25. Martinez's theft of the eGift Cards was an intentional interference of Home Depot's rightful use, possession and/or value of the eGift Cards.

26. Martinez's theft of eGift Cards never gave him nor Peterson proper title to the eGift Cards he had stolen from Home Depot.

27. Martinez's theft and sale of the eGift Cards to Peterson deprived Home Depot of its use, possession and/or value of the eGift Cards.

28. Home Depot is entitled to the reasonable value of the eGift Cards that Martinez stole and which were used by Peterson and/or others.

29. Home Depot is also entitled to the reasonable value of any deactivated eGift

Cards that Peterson is seeking to recover in her Complaint against Home Depot.

30. As a further result of Martinez's theft and Peterson's Complaint regarding the stolen eGift Cards, Home Depot has been forced to retain the services of an attorney to defend as well as prosecute this matter.

## SECOND CAUSE OF ACTION

### (Civil Conspiracy)

31. Third-Party Plaintiff repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

32. Upon information and belief, Martinez and Peterson combined, conspired, and/or worked together to obtain the eGift Cards from Home Depot for Peterson's personal use and/or benefit.

33. Upon information and belief, Martinez and Peterson engaged in about twelve (12) separate transactions wherein Peterson asked for and Martinez provided stolen eGift Cards to Peterson at a reduced rate.

34. Upon information and belief, Martinez and Peterson conspired to wrongfully obtain eGift Cards and intentionally deprive Home Depot of its use, possession and/or value of the stolen eGift Cards.

35. Martinez's theft and Peterson's use of the stolen eGift Cards as payment to Home Depot proximately caused Home Depot to suffer loss of merchandise, revenue, profits, and possession/value of the eGift Cards without receiving actual payment and/or anything of value in exchange.

36. Home Depot is entitled to the reasonable value of the eGift Cards that Martinez stole and which were used by Peterson and/or others.

37. Home Depot is also entitled to the reasonable value of any deactivated eGift Cards that Peterson is seeking to recover in her Complaint against Home Depot.

38. As a further result of Martinez's theft and Peterson's Complaint regarding the stolen eGift Cards, Home Depot has been forced to retain the services of an attorney to defend as well as prosecute this matter.

### THIRD CAUSE OF ACTION

### (Quantum Meruit / Unjust Enrichment)

39. Third-Party Plaintiff repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

40. Until Home Depot became aware of Martinez's theft of eGift Cards, Home Depot was unaware of Martinez and Peterson's unauthorized use of the stolen eGift Cards to purchase merchandise and/or services for their own personal benefit.

41. Upon information and belief, Martinez and Peterson have appreciated and/or retained the benefits of the stolen eGift Cards.

42. As a result of Martinez's theft and Peterson's use of the stolen eGift Cards, nothing of value was provided to Home Depot in exchange for the benefits Martinez and Peterson obtained through their use of the stolen eGift Cards.

43. Home Depot is entitled to the reasonable value of the eGift Cards that Martinez stole and were used by Peterson and others.

44. Home Depot is also entitled to the reasonable value of any deactivated eGift Cards that Peterson is seeking to recover in her Complaint against Home Depot.

45. As a further result of Martinez's theft and Peterson's Complaint regarding the stolen eGift Cards, Home Depot has been forced to retain the services of an attorney to defend as well as prosecute this matter.

### FOURTH CAUSE OF ACTION

### (Apportionment)

46. Third-Party Plaintiff repeats, realleges, and incorporates by all reference of the

preceding paragraphs as though fully set forth herein.

47. Home Depot expressly denies Peterson's allegations of negligence in her Complaint. Should Home Depot nevertheless be found liable on any theory as a result of the alleged damages purportedly suffered by Peterson, or be found liable for any other wrongdoing with respect to the allegations in Peterson's Complaint, the actions or omissions of Home Depot were passive and secondary, while those of Martinez were, upon information and belief, active, primary and/or superseding. Thus, as a direct, proximate and foreseeable result of the wrongdoing of Martinez, Home Depot is entitled to apportion any and all liability to Martinez as to Peterson's Complaint and alleged damages.

48. As a result of Martinez's theft and Peterson's Complaint regarding the stolen eGift Cards, Home Depot has been forced to retain the services of an attorney to defend as well as prosecute this matter.

## **FIFTH CAUSE OF ACTION**

### **(Declaratory Relief)**

49. Third-Party Plaintiff repeats, realleges, and incorporates by all reference of the preceding paragraphs as though fully set forth herein.

50. A justiciable controversy exists between Home Depot, Martinez and Peterson as to the eGift Cards already used by Peterson as well as the value of the deactivated eGift Cards Peterson is seeking in her Complaint.

51. Home Depot's ownership, rights, title, use, possession and/or value of the stolen eGift Cards is directly adverse to the interests of Martinez and Peterson.

52. Home Depot has a legally protectable ownership interest in its use, possession and/or value of the stolen eGift Cards as well as the merchandise and/or services obtained therewith that is ripe for judicial determination.

53. Home Depot is entitled to a judicial determination confirming its rights, title, use,

possession, interest in and to the value of the stolen eGift Cards as well as the merchandise and/or services obtained therewith.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Third-Party Defendant HOME DEPOT U.S.A., INC. hereby requests a trial by jury and prays for judgment against Third-Party Defendant DANIEL MARTINEZ as follows:

1. That a money judgment against Third-Party Defendant be entered for the loss of merchandize, revenue, profits and possession of the eGift Cards stolen by Martinez that were used by Plaintiff and others, as well as the reasonable value of any deactivated eGift Cards that Peterson is seeking to recover in her Complaint against Home Depot;

2. For a declaratory judgment confirming Home Depot's rights, title, use, possession, interest in and to the value of the stolen eGift Cards as well as the merchandise and/or services obtained therewith;

3. For the cost of suit incurred herein;

4. For all interest accrued at the statutory post-judgment rate;

5. For attorney's fees and costs; and

6. For such other and further relief as the Court deems just and proper.

Dated: February 28, 2020        NEWMEYER & DILLION LLP

By: _____
AARON B. SHUMWAY, ESQ. (15255)

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 28, 2020, I electronically filed the foregoing **HOME DEPOT U.S.A., INC.'S THIRD-PARTY COMPLAINT AGAINST DANIEL MARTINEZ** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Jason M. Yancey, Esq.
    Helgesen, Houtz & Jones, P.C.
    1513 N. Hill Field Road, Suite 3
    Layton, UT  84041
    Tel:     (801) 544-5306
    Fax:    (801) 682-8328
    Attorneys for Plaintiff/Counter-
    Defendant Kaitlyn Peterson
    jyancey@utahattorneys.com

*/s/ Carolyn R. Bott*
An employee of Newmeyer & Dillon LLP