Jason M. Yancey (11808)
Helgesen, Houtz & Jones P.C.
*Attorneys for Plaintiff*
1513 N. Hill Field Road, Suite 3
Layton, UT 84041
Telephone:  (801) 544-5306
Fax:  (801) 682-8328
email: jyancey@utahattorneys.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KAITLYN PETERSON, an individual,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, doing business as HOME DEPOT, THE,<br><br>Defendant/<br>Counter-Claimant/<br>Third-Party Plaintiff.<br><br>vs.<br><br>DANIEL MARTINEZ, an individual,<br><br>Third-Party Defendant. | **PLAINTIFF'S ANSWER TO COUNTERCLAIM**<br><br>Case No. 1:19-cv-00091-BSJ<br><br>Judge:  Bruce S. Jenkins |

Plaintiff, by and through undersigned counsel, hereby answers Defendant's

Counterclaim (the "Counterclaim") as follows:

## FIRST DEFENSE

The Counterclaim fails to state a claim against Plaintiff upon which relief can be granted.

## SECOND DEFENSE

Plaintiff answers each specific paragraph of the Counterclaim as follows:

1.     Answering paragraphs 1, 5, 6, 7, 31, 47, 49 of the Counterclaim, Plaintiff affirmatively states that they lack sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

2.     Answering paragraphs 2, 3, 4, 8, 9, 10, 11, 21, 42, 53 of the Counterclaim, Plaintiff admits the allegations contained therein.

3.     Answering paragraphs 12, 13, 14, 15, 16, 17, 18, 20, 22, 23, 24, 28, 29, 30, 32, 33, 34, 36, 37, 38, 39, 41, 43, 44, 45, 48, 50, 55 of the Counterclaim, Plaintiff denies the allegations contained therein.

4.     Answering paragraphs 25, 35, 40, 46, 51 of the Counterclaim, Plaintiff incorporates their answers to the preceding paragraphs by reference and repeats them as though fully set forth herein.

5.     Answering paragraph 19 of the Counterclaim, Plaintiff denies the allegation and affirmatively states that (i) Home Depot was fully aware of the eGift

cards that Home Depot issued, (ii) Home Depot honored the cards initially, and
(iii) that Home Depot verified and confirmed the validity of the cards when
Plaintiff presented the same to Home Depot's customer service for verification.

6.      Answering paragraphs 26 and 27 of the Counterclaim, Plaintiff admits
only that she purchased the gift cards, verified the gift cards through Home
Depot's website as well as in person with customer service, and that she used some
of the gift cards to purchase products.  Plaintiff affirmatively asserts that she did
not know the gift cards were stolen and that Home Depot confirmed their validity
when she verified them prior to using/redeeming the cards.  Plaintiff further asserts
that these paragraphs require a legal conclusion and do not require a response.  To
the extent a response is required, Plaintiff denies all allegations (express or
implied) contained therein.

7.      Answering paragraphs 52 and 54 of the Counterclaim, these
paragraphs require a legal conclusion and does not require a response.  To the
extent a response is required, Plaintiff denies the same.

## **THIRD DEFENSE**

All allegations contained in the Counterclaim not expressly admitted in this
Answer are hereby denied.

## **FOURTH DEFENSE**

The Counterclaim and all claims asserted therein are barred to the extent that Defendant has failed to mitigate their damages, if any.

## **FIFTH DEFENSE**

The Counterclaim and all claims asserted therein are barred because Defendant's damages, if any, were caused by Home Depot and/or one or more third parties over whom Plaintiff had no control.

## **SIXTH DEFENSE**

The Counterclaim and all claims asserted therein are barred by the doctrines of waiver, estoppel, and laches.

## **SEVENTH DEFENSE**

The Counterclaim and all claims asserted therein are barred by the doctrine of unclean hands.

## **EIGHTH DEFENSE**

The Counterclaim and all claims asserted therein are barred, in whole or in part, because of Defendant's prior material breaches of the agreements.

## **NINTH DEFENSE**

The Counterclaim and all claims asserted therein are subject to offset.

## <u>RESERVATION</u>

Plaintiff hereby reserves their right to assert any other affirmative defenses that discovery reveals to be applicable so as to avoid waiver of the same.

WHEREFORE, Plaintiff requests:

1.      That the Counterclaim be dismissed with prejudice and upon the merits,

2.      That the relief sought in each and every paragraph of the Prayer for Relief contained in the Counterclaim be denied,

3.      That Defendant take nothing thereby,

4.      That Plaintiff be awarded their attorney fees and costs incurred in defending against Defendant's claims, and

5.      For such other and further relief as the Court may deem necessary, just, and proper.

DATED this 11th day of March, 2020.

HELGESEN HOUTZ & JONES, P.C.
/s/ Jason M. Yancey
Jason M. Yancey
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2020, I caused a true and correct copy of the foregoing to be served via CM/ECF Notification on the following:

Aaron B. Shumway
NEWMEYER & DILLON LLP
3800 Howard Hughes Pkwy, Suite 700
Las Vegas, NV 89169

/s/ Jason M. Yancey